-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KATRINA JONES,

                    Plaintiff,

                                                    DECISION AND ORDER
          -v-                                       10-CV-0637S(F)

DANIEL HIGGINS, NYS Parole, Parole Officer
MILBURN, Federal Agent VANESSA PARIS,
GERALDINE COLES, Erie County Sheriff, KATHLEEN
MCGLAUGLIN, Erie County Sheriff, MARY QUINN-
BETTINGER, Erie County Sheriff, JOHN AND JANE DOES, all
in their official and individual capacities,[1]

                    Defendants.

---



### INTRODUCTION

     Plaintiff, Katrina Jones, acting *pro se*, filed a complaint alleging, *inter alia*, that when she

was taken into custody on parole violations in June 2010, the conditions at the Erie County Holding

Center were unsanitary and she was denied adequate medical treatment. She also alleged that her

constitutional rights were violated by New York State Parole Officers Higgins and Milburn, and a

federal "agent," who was later identified by the United States Attorneys Office in a response to a

Valentin Order[2] as Vanessa Paris, when she agreed to cooperate with these three defendants in

exchange for leniency on her parole violations and a promise of confidentiality with regard to her

---

     [1]To the extent the defendants are named in their official capacities, said claims must be dismissed. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed.2d 114 (1985) (The Eleventh Amendment bar extends to agencies and officials sued in their official capacities.); *see also Hafer v. Melo*, 502 U.S. 21, 27 (1991) (Just as states and state agencies are not "persons" under § 1983, state officers acting in their official capacities are not "persons" since they assume the identity of the government that employs them.)

     [2]*See Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997).

cooperation.  These defendants allegedly disclosed plaintiff's phone number in an indictment because she was not providing them with the type of information they were seeking.  She claimed that as a result of this disclosure, she and her family have been harassed and threatened.  (Docket No. 7, Decision and Order, at 1-2.)[3]  The Court, *inter alia*, granted plaintiff's motion to proceed *in forma pauperis*, denied her motion for an order terminating her parole and releasing her from custody, dismissed the Erie County Holding Center as a defendant, and granted plaintiff permission to amend her complaint against the County of Erie and/or the individual deputies or employees of the County in relation to her claims alleging unsanitary conditions and the denial of medical treatment at the Erie County Holding Center.[4]  (Docket No. 7, Decision and Order.)  Plaintiff filed an amended complaint against defendant Higgins, Milburn and Paris, and "new" defendants–Erie County Sheriff Deputies Geraldine Coles, Kathleen McLauglin, Mary Quinn-Betinger and John and Jane Does.  (Docket No. 11.)

## DISCUSSION

Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks

---

[3]To the extent plaintiff may wish to have the complaint and amended complaint or the entire case sealed she will have file a motion for said relief pursuant to L.R.Civ.P. 5.3.

[4]The claims against Parole Officers Milburn and Higgins and Federal Agent Paris were allowed to proceed, and the summons and amended complaint were directed to be served against them upon the filing of the Amended Complaint and the Court's review of it pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See, e.g., McEachin v. McGuiniss*, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that '[s]ua *sponte* dismissals of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.' ")(quoting *Moorish Sci. Temple of Am. Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982)); *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (*per curiam*) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact.  Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)).

monetary relief against a defendant who is immune from such relief. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d at 112 (2d Cir. 2004)).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). "The policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.' " Abbas, 480 F.3d at 639 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983)). Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks and citation omitted). "A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94.

3

Upon review of the amended complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court finds that the conditions of confinement and/or denial of medical treatment claims against defendant Quinn-Betinger must be dismissed because there are no allegations pled against her in the amended complain, *see Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (In order for a plaintiff to establish a claim against a defendant in a § 1983 action, the plaintiff must allege that the defendant had some personal involvement in the allegedly unlawful conduct), and that the remaining claims will be directed to be served upon defendants. *See* n. 4, *supra*.

## ORDER

IT IS HEREBY ORDERED that the Clerk of the Court is directed to cause the United States Marshals Service to serve the Summons and Amended Complaint, along with copies of this Decision and Order and the prior Decision and Order (Docket No. 7), against defendants New York State Parole Offices Higgins and Milburn, Federal Agent Vanessa Paris, and Erie County Sheriff Deputies Geraldine Cole and Kathy McGlaughlin without payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that to ensure that there is no possibility of confusion with respect to service as to defendant Federal Agent Paris, it is hereby directed that, in addition to the U. S. Marshal service directed above, the Clerk of the Court is also directed to send copies of the Summons, Amended Complaint, and this Decision Order and the prior Decision and Order (Docket No. 7), by certified mail to the following, pursuant to Rule 4(i) of the Federal Rules of Civil Procedure:

• Attorney General of the United States, Main Justice Building, 10th and Constitution Avenues N.W., Washington, DC  20530;

- Civil Process Clerk,  United States Attorney for the Western District of New York, United States Attorney's Office, 138 Delaware Avenue, Buffalo, New York 14202;

FURTHER, that the amended complaint is dismissed as against defendant Mary-Quinn Bettinger, and the Clerk of the Court is directed to terminate her as a party to this action;

FURTHER, that the claims against the remaining defendants in their official capacities are dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: April 12, 2012
Rochester, New York